**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:07-cv-175-R**

**PHARMACISTS MUTUAL INSURANCE COMPANY**                                    **PLAINTIFF**

v.

**REX A. SUTTON and**
**GEORGIA A. SUTTON**                                                                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (DN 64). Defendants have responded (DN 71) and Plaintiff has replied (DN 75). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion is DENIED.

Also before the Court is Defendants' Motion for Summary Judgment (DN 67). Plaintiff has responded (DN 72) and Defendants have replied (DN 76). This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion is DENIED.

BACKGROUND

This declaratory judgment action arises out of a homeowners insurance dispute between Plaintiff Pharmacists Mutual Insurance Company and Defendants Rex A. Sutton and Georgia A. Sutton, relating to real property located at 2287 State Route 902, Fredonia, Kentucky 42411 ("Property"). The following facts are undisputed. The Property was at one point owned by Stacy Sutton, the brother of Defendant Rex Sutton. Stacy Sutton died on January 27, 2007. On February 16, 2007, Rex Sutton contacted Plaintiff to procure a homeowners insurance policy on the Property. Based on the information provided by Mr. Sutton, Plaintiff issued a homeowners insurance policy to Defendants, which went into effect that same day. On March 5, 2007, a fire destroyed the Property. On March 11, 2007, the insurance application was forwarded to

Defendants to review and sign, which they did.

Plaintiff argues that the insurance policy is void (1) because Defendants willfully concealed and misrepresented a prior water loss and existing water damage at the Property, (2) because Defendants willfully concealed and misrepresented a prior mold loss and existing mold damage at the Property, and (3) because Defendants did not own the Property at the time they submitted the application and failed to disclose that fact in their application. Defendants argue that a jury must determine whether they made any misrepresentations to Plaintiff. Defendants also argue that they are entitled to summary judgment on the issue of whether Plaintiff would have issued the insurance policy had it been aware of the true ownership interests of the Defendants in the property.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which

the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

Under Kentucky law, a misrepresentation, omission, or incorrect statement on an application for an insurance policy will prevent recovery under the policy in three circumstances. KRS § 304-14-110. First, an individual cannot recover under the policy if the representation was "fraudulent." KRS § 304-14-110(1). Second, an individual cannot recover under the policy if the representation was "[m]aterial either to the acceptance of the risk, or to the hazard assumed by the insurer." KRS § 304-14-110(2). Third, an individual cannot recover under the policy if "[t]he insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the

policy or contract or otherwise." KRS § 304-14-110(3).

Additionally, under the terms of the contract between the Plaintiff and Defendants in this matter, the policy is void in three situations. First, the policy is void if Defendants "willfully concealed or misrepresented" "a material fact or circumstance" relating to the insurance policy or the Property. Second, the policy is void if Defendants "willfully concealed or misrepresented" Defendants' interest in the Property. Third, the policy is void if Defendants committed a "fraud or false swearing" with regard to a matter relating to the insurance policy or the Property.

Therefore, at a minimum, Plaintiff must show that Defendants violated KRS § 304.14-110 to rescind the policy. Under the statute, either an innocent material misrepresentation *or* a fraudulent non-material misrepresentation may void the contract. *See John Hancock Mut. Life Ins. Co. v. Conway*, 240 S.W.2d 644, 646 (Ky. 1951); *Nat'l Life & Accident Ins. Co. v. Fisher*, 276 S.W. 981, 982 (Ky. 1925). Under the policy, however, the Defendants must have willfully concealed or misrepresented a material fact or the their interest in the Property, or committed a fraud or false swearing. The parties do not discuss whether the policy language creates a higher standard for voiding the policy, or whether Plaintiff can prevent recovery by merely meeting the standard set forth by Kentucky law. Because the Court finds that Plaintiff has not demonstrated that Defendants made a material misrepresentation, omission, or incorrect statement, at this time the Court does not need to address the issue of whether Plaintiff must ultimately show that Defendants violated the terms of the policy in order to void the policy.

Plaintiff argues that Defendants made several material misrepresentations, omissions, or

incorrect statements in their application for insurance.[1]  In Kentucky, "'a false answer is material if the insurer, acting reasonably and naturally in accordance with the usual practice of . . . insurance companies under similar circumstances, would not have accepted the application if the substantial truth had been stated therein.'" *Cook v. Life Investors Ins. Co. of Am.*, 126 Fed. App'x 722, 724 (6th Cir. 2005) (quoting *Mills v. Reserve Life Ins. Co.*, 335 S.W.2d 955, 958 (Ky. 1960)); *see also Conner v. Shelter Mut. Ins. Co.*, 779 F.2d 335, 337 (6th Cir. 1985).

      First, Plaintiff states that Defendants made material misrepresentations relating to water loss and existing water damage at the Property.  Plaintiff claims that the Property suffered water damage in January 2007 when a plumbing line connected to a water heater on the Property broke and sprayed water on the floor and down the wall of the laundry room.  Rex Sutton admitted that his brother informed him that a busted pipe had caused water to run into the kitchen, but that there was no problem and he had asked an individual, Jeremy Tabor, to clean the water up.  Rex Sutton also admitted seeing a wet carpet later that month, and noticing some water in the back bedroom and family room rugs in March 2007.  Defendants did not disclose these facts to Plaintiff when they applied for the Policy, or when they later reviewed and signed the application.

      Second, Plaintiff states that Defendants made material misrepresentations relating to mold loss and existing mold damage at the Property.  Rex Sutton, in his deposition, admitted there was a little mold growth along one wall, but none in the paneling behind the wall.  He also admitted in an interrogatory answer that he cleaned up some dark areas which he assumed were

---

[1] Plaintiff does not argue that Defendants made fraudulent misrepresentations, omissions, or incorrect statements.

mold when he removed paneling in the back bedroom. Defendants did not disclose these facts to Plaintiff when they applied for the Policy, or when they later reviewed and signed the application.

Third, Plaintiff states that Defendants made material misrepresentations relating to their interest in the Property. At the time Defendants applied for homeowners insurance from Plaintiff, they did not own the Property. Actual title to the Property had been mistakenly transferred to purchasers of adjoining farm land sold at auction by Stacy Sutton in 2004. According to Defendants, no one was aware of the mistake until several months after the 2007 fire. At that point, Defendants' estate attorney initiated litigation to have the title cleared. A deed of correction was recorded on June 3, 2008, at which time Rex Sutton officially inherited the Property. When Defendants applied for the homeowners insurance in February 2007, Rex Sutton told Plaintiff's representative, Mary Johnson, that the title to the Property was not yet in his name because he was inheriting the Property from his brother, and that he intended to use the Property as a second home. He also informed Ms. Johnson that he was being advised by his attorney that he was responsible for the insurance as the executor of his brother's estate. Based on this information, according to Ms. Johnson, Plaintiff's underwriter did not have a problem with insuring the Property.

The only evidence that Plaintiff cites to demonstrate that it would not have accepted Defendants' application if it had been fully informed of these facts is the affidavit of Tom Claude, Plaintiff's Secretary and Vice President of Underwriting/Risk Management. He states that had Plaintiff been informed of "the prior water loss and existing damage" or of "the mold loss and existing damage" it would not have issued the policy. Mr. Claude also states that had

Plaintiff known that the Defendants did not own the Property, it would not have issued the policy to them.

Resolving all ambiguities and drawing all reasonable inferences in favor of Defendants, the Court finds that there is a question of fact as to whether Defendants' representations or omissions were material. To demonstrate that Defendants' representations or omissions were material, Plaintiff must present evidence that it would not have accepted Defendants' application had Defendants stated the substantial truth, acting reasonably and naturally in accordance with the usual practice of insurance companies under similar circumstances. The case law cited by Plaintiff generally holding that an applicant's prior loss history is material to a reasonable insurance company's decision whether to insure that applicant does not satisfy this burden. Importantly, Plaintiff and Defendants dispute the extent of damage or loss, if any, caused in January 2007 by the broken water pipe or mold growth. Additionally, Mr. Claude's statement that had Plaintiff known that the Defendants did not own the Property it would not have issued the policy makes little sense considering there is evidence that Plaintiff did know Defendants did not own the Property when it issued the insurance.

Because Plaintiff has not demonstrated that there is no genuine issue as to any material fact, the Court holds that summary judgment in favor of Plaintiff is not appropriate.

The issue of whether Plaintiff would have issued the policy had it been aware of the true ownership interests of Defendants in the Property is also the subject of Defendants' Motion for Summary Judgment. Defendants seem to argue that because Plaintiff did know that Rex Sutton did not own the home when he applied for the insurance, Plaintiff cannot deny payment because the Property had been mistakenly transferred in 2004. However, even though Plaintiff has not

yet demonstrated that the representation regarding ownership was material, it may still do so. Additionally, Defendants have not demonstrated that the representation was not material. In other words, Defendants have not shown that had Plaintiff known all the facts, acting reasonably and naturally in accordance with the usual practice of insurance companies under similar circumstances, it would have accepted Defendants' application. Therefore, summary judgment in favor of Defendants on this issue would be inappropriate.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment is DENIED and Defendants' Motion for Summary Judgment is DENIED.